IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ROSS RICHARDSON, duly appointed trustee for the St. Peter's Hospital Employee Welfare Plan and the Bozeman Deaconess Health Services Comprehensive Health and Welfare Plan,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut insurance company,<br><br>　　　　　Defendant. | Case No. 4:19-cv-00065<br><br>**ORDER APPROVING SETTLEMENT, DISCHARGING THE LIMITED-SCOPE FIDUCIARY AND DISMISSAL WITH PREJUDICE** |

　　　The Court appointed Ross Richardson ("Richardson") as a limited-scope temporary fiduciary for the Bozeman Deaconess Health Services and St. Peter's Hospital group health plans (collectively the "Plans" or each a "Plan"), solely with respect to possible insurance coverage claims against Travelers Casualty and Surety Company of America ("Travelers"). *Turner et. al. v. NMH et. al*, Case No.

1

CV-00141-BMM-JTJ at Doc. 195. Mr. Richardson's appointment tasked him to analyze these possible claims, advise the Plans, plan fiduciaries, and plan sponsors as to whether they should be pursued, and, if appropriate, pursue these claims. *Id.*

Mr. Richardson ultimately pursued the insurance claims in this action, *Richardson v. Travelers,* Case No. 4:19-cv-00065. The parties reached a settlement with the assistance of Magistrate Judge John Johnston after two mediations and have executed a written settlement agreement dated February 17, 2022.

The Plans, represented by their own counsel, have approved the settlement agreement and have agreed upon a division of the net proceeds of the settlement with Travelers. Pursuant to that agreement, after payment of attorneys' fees and costs, Richardson shall distribute 75% of the net settlement proceeds to the St. Peter's Hospital Plan and 25% to the Bozeman Deaconess Health Services Plan.

The settlement of this lawsuit is fair, adequate, reasonable, and not a product of collusion. *Koerner v. Copenhaver*, 2014 WL 5544051 at **2-3 (C.D. Ill. Nov. 3, 2014) (citing *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279 (7th Cir.2002)). In making this determination, the Court is fully apprised of the facts and circumstances of this cause, and has reviewed the settlement agreement but does not decide the merits of the action or attempt to substitute its own judgment for that of the parties. *Maher v. Zapata Corp.*, 714 F.2d 436, 455, n. 31 (5th Cir. 1983) (citing *Lewis v. Newman*, 59 F.R.D. 525, 527 (S.D. N.Y. 1973); *Pettway v.*

*American Cast Iron Pipe Co.*, 576 F.2d 1157, 1214 n. 69 (5th Cir.), cert. denied, 439 U.S. 1115 (1978) (neither district court nor appellate court on review, should reach ultimate conclusions on issues of fact and law underlying the dispute)).

As a settlement of the insurance claims with Travelers has been reached, the Court determines that Mr. Richardson has satisfied his appointment as a limited-scope fiduciary responsible for the investigation and pursuit of insurance claims on behalf of the Plans against Travelers. Mr. Richardson is hereby discharged from any further obligations as a result of his appointment as a limited-scope fiduciary.

Considering the foregoing, *Richardson v. Travelers,* Case No. 4:19-cv-00065-BMM is DISMISSED WITH PREJUDICE. All parties will bear their own fees and costs.

DATED this 22nd day of February 2022.

_____
Brian Morris, Chief District Judge
United States District Court